UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN L. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00280-JRS-DLP |
| ) | |
| M. ELLIS, ) | |
| BREWER,[1] ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Kevin L. Martin alleges that defendant Brewer tampered with his kosher meal in violation of his First Amendment rights and that defendant M. Ellis retaliated by filing conduct reports against him. Before the Court is the defendants' motion for summary judgment, dkt. 86. Mr. Martin, a restricted filer, has not opposed the motion. For the reasons explained in this Order, the Court grants the defendants' motion for summary judgment.

**I.
Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record

---

[1] The defendant has identified himself as Israel Brewer. The clerk is directed to update the docket to reflect the correct spelling of defendant Brewer's name.

in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The consequence of Mr. Martin's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II.
## Factual Background

The following facts, unopposed by Mr. Martin and supported by admissible evidence, are accepted as true.

On April 30, 2019, Officer Israel Brewer delivered Mr. Martin's kosher food tray. Officer Brewer wore new gloves to avoid cross contamination with other food trays. He removed the cover from the tray and did not tamper with the food. Dkt. 86-4. That same day, Litigation Liaison Mike Ellis received a request for interview form from Mr. Martin asking Mr. Ellis to review video evidence of Officer Brewer delivering Mr. Martin's meal because Mr. Martin believed it would show Officer Brewer tampering with the food. Mr. Ellis reviewed the video and discovered that the camera inside Mr. Martin's cell had been covered so that it did not show the tray being delivered. Mr. Ellis prepared a conduct report based on Mr. Martin's impairment of the surveillance equipment. Ultimately, the report was not filed because Mr. Ellis overlooked submitting it to the warden for signature. The video from outside Mr. Martin's cell did not show whether Officer Brewer tampered with Mr. Martin's food tray.

Mr. Ellis received a request for interview from Mr. Martin on June 5, 2019, regarding an unrelated issue. Mr. Ellis reviewed video evidence from June 5, 2019, and again discovered that Mr. Martin was wetting paper to cover the lens of the camera inside his cell. Mr. Ellis issued a conduct report based on Mr. Martin's impairment of the surveillance equipment. On the same date, Mr. Ellis received notice that the Indiana Court of Appeals determined that a case brought by Mr. Martin in Sullivan County Superior Court was frivolous. Mr. Ellis issued a second conduct report based on Mr. Martin's filing of a frivolous claim. Dkt. 86-1.

### III. Discussion

#### A.  RLUIPA & First Amendment Claim

Mr. Martin alleged in his complaint that Officer Brewer violated the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA) when he uncovered Mr. Martin's kosher food tray. The Free Exercise Clause of the First Amendment prohibits the government from imposing a "substantial burden" on a "central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). Under RLUIPA, the government cannot impose a substantial burden on a person's religious exercise unless it is the "least restrictive means" of meeting a "compelling governmental interest." *Id.*; 42 U.S.C. § 2000cc–1.

"[F]orcing an inmate to choose between daily nutrition and religious practice is a substantial burden." *Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). But removing the covering from Mr. Martin's food just before passing it to him, while wearing a clean pair of gloves, did not impose a substantial burden on Mr. Martin's religious belief or practice. And assuming it did, defendant Brewer has shown that it is the least restrictive means of furthering a compelling governmental interest pursuant to 42 U.S.C.A. § 2000cc-1.

The defendants contend that the facility's safety procedures required the removal of plastic tray coverings before delivery to inmates to prevent them from being used for illicit or unsafe purposes. The record in this case indicates that Mr. Martin had a history of noncompliance with prison rules, including covering the camera in his cell to prevent prison officials from observing him. The Court finds that facility safety is a compelling governmental interest. Mr. Martin has not suggested any less restrictive alternative means of accomplishing the goal of facility safety. Officer Brewer donned fresh gloves before removing the plastic covering on Mr. Martin's tray to prevent any contamination during the brief moment the tray was uncovered before it was passed to

4

Mr. Martin. Under the circumstances, the Court finds that removing the plastic covering just before serving the tray, while wearing fresh gloves, was the least restrictive means of furthering the compelling governmental interest of safety. Mr. Brewer is entitled to summary judgment on this claim.

### B. Retaliation Claim

The defendants move for summary judgment on Mr. Martin's First Amendment retaliation claim against them. To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Mr. Martin's complaint alleged that he filed a grievance against Mr. Ellis on May 6, 2019. Dkt. 1 at 4. The filing of a grievance is activity protected by the First Amendment.

To show that the defendants' actions were retaliatory, Mr. Martin must provide evidence that retaliatory animus was at least a "motivating factor" in their actions. *May v. Springborn*, 719 F.3d 631, 635 (7th Cir. 2013). This "can . . . be demonstrated by suspicious timing alone only when the . . . action follows on the close heels of protected expressions." *Daza v. Indiana*, 941 F.3d 303, 309 (7th Cir. 2019). Assuming that retaliatory animus was a motivating factor in a defendant's actions, this is not enough to establish retaliation as a matter of law. Instead, "[t]he burden then shifts to the defendants to show that they would have taken the action despite the bad motive." *May*, 719 F.3d at 635. In other words, the defendants can rebut Mr. Martin's prima facie case of retaliation "by showing that [their] conduct was not a necessary condition of the harm – the harm would have occurred anyway." *Greene v. Doruff*, 660 F.3d 975, 980 (7th Cir. 2011). If a defendant

5

can establish a non-retaliatory motive for the allegedly retaliatory action, Mr. Martin must "produce evidence upon which a rational finder of fact could infer that these explanations were lies." *Massey v. Johnson*, 457 F.3d 711, 717 (7th Cir. 2006).

Here, the evidence shows that Officer Brewer did not tamper with Mr. Martin's food; he simply removed a plastic covering before passing the food tray to Mr. Martin. As there is no evidence that Officer Brewer took any adverse action against Mr. Martin, Mr. Martin's retaliation claim against him necessarily fails.

As for the retaliation claim against Mr. Ellis, he has established a non-retaliatory motive for the allegedly retaliatory action. Specifically, Mr. Martin was issued conduct reports for violating prison rules. Mr. Martin has not produced any evidence upon which a rational finder of fact could infer that Mr. Ellis is lying about the reasons for issuing conduct reports against Mr. Martin. *Id.* Therefore, the defendants are entitled to summary judgment on the retaliation claims against them.

## IV. Conclusion

The defendants' motion for summary judgment, dkt. [86], is **granted**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 1/14/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN L. MARTIN
169789
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

J. Derek Atwood
INDIANA ATTORNEY GENERAL
derek.atwood@atg.in.gov

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov